O

No JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAFAEL ARROYO, JR., | ) | Case No. CV 10-03795 DDP (JCGx) |
| Plaintiff, | ) ) ) | **ORDER GRANTING PLAINTIFF'S MOTION** |
| v. | ) ) | **FOR SUMMARY JUDGMENT** |
| 9305 FIRESTONE, LLC, a California Limited Liability Company; E.Z. HOMES, INC., a California corporation, | ) ) ) ) ) | [Docket No. 39] |
| Defendants. | ) ) ) | |

Presently before the court is Plaintiff Rafael Arroyo's Motion for Summary Judgment. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following order.

**I. Background**

Plaintiff, a paraplegic, uses a wheelchair for mobility. (Declaration of Rafael Arroyo in Support of Motion for Summary Judgment ¶ 2.) On February 15, 2010, Plaintiff visited a gas station located on property owned by Defendant 9305 Firestone, LlC ("Defendant"). (Arroyo Dec. ¶ 4.) Plaintiff was unable to enter

the service station store because the entrance was blocked by a drink cooler and a snack rack. (Arroyo Dec. ¶ 5.) Plaintiff estimated that the passage was about twenty inches wide, and was eight inches too narrow for him to pass through in his wheelchair. (Id.) Signs posted at the gas station state that the facility provides disabled persons with assistance in purchasing goods and gasoline upon request. (Declaration of Sam Helmi in Support of Opposition, Ex. A.) Since the time of Plaintiff's visit, the drink cooler and snack rack have been moved, thus widening the entryway into the service station store. (Exhibits 2, 4 to Motion.)

Plaintiff filed the instant suit, alleging causes of action for negligence and violations the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., California Civil Code §§ 51-53, and California Civil Code §§ 54-54.8. Plaintiff seeks injunctive relief under the ADA, $4,000 in penalties under state law, and fees and costs. Plaintiff now moves for summary judgment.

**II.  Legal Standard**

A motion for summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

1    Where the moving party will have the burden of proof on an
2 issue at trial, the movant must affirmatively demonstrate that no
3 reasonable trier of fact could find other than for the moving
4 party.  On an issue as to which the nonmoving party will have the
5 burden of proof, however, the movant can prevail merely by pointing
6 out that there is an absence of evidence to support the nonmoving
7 party's case.  See id.  If the moving party meets its initial
8 burden, the non-moving party must set forth, by affidavit or as
9 otherwise provided in Rule 56, "specific facts showing that
10 there is a genuine issue for trial." Anderson v. Liberty Lobby,
11 Inc., 477 U.S. 242, 250 (1986).  The evidence is viewed in the
12 light most favorable to the non-moving party, and all justifiable
13 inferences are to be drawn in its favor.  Anderson, 477 U.S. at
14 242.

## III. Discussion

16    As an initial matter, this court rejects Defendant's argument
17 that Plaintiff lacks standing.  Plaintiff has alleged that he has
18 been deterred from returning to the gas station. (Complaint ¶¶ 11-
19 13.)  Defendant's assertion that "the alleged access barrier, were
20 [sic] so minor, if they existed at all, that they could not and did
21 not deter Plaintiff," (Opp. at 8.), is not supported by any
22 evidence whatsoever.  Furthermore, the case Defendant cites to
23 support its argument, Chapman v. Pier 1 Imports, 571 F.3d 853 (9th
24 Cir. 2009) is bad law, as it was withdrawn upon the grant of
25 rehearing en banc.  Chapman v. Pier 1 Imports, 595 F.3d 974 (9th
26 Cir. 2010).  As the en banc court made clear, an ADA plaintiff who
27 has encountered a barrier that deprives him of full and equal
28 access to a public facility "has standing to sue for injunctive

3

relief as to . . . barriers related to his disability[] even if he is not deterred from returning to the public accommodation at issue." <u>Chapman v. Pier 1 Imports</u>, 631 F.3d 939, 944 (9th Cir. 2011).

There is no genuine issue of material fact. The parties do not dispute that Plaintiff is disabled, nor that he visited the gas station on Defendant's property. ADA Accessibility Guideline 4.13.5 states that doorways shall have a minimum clear opening of thirty-two inches. 28 C.F.R. Pt. 36 App. D. Plaintiff's sworn declaration states that the entranceway was twenty inches wide, and was narrower than the minimum twenty-eight inches Plaintiff needed to gain access in his wheelchair. Plaintiff has declared that the photographic exhibits in the record accurately depict the entranceway as it appeared on the date Plaintiff attempted to access the gas station store. Defendant has not submitted any evidence that suggests otherwise.

The only evidence Defendant has submitted is photographs of signs announcing that disabled persons may request assistance from gas station employees. Defendant appears to suggest that Plaintiff has not shown discrimination under the ADA because he could have requested assistance. Defendant is mistaken. Discrimination includes "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Here, the drink cooler and wire snack rack in question were readily removable, as shown by photographic evidence establishing that the obstacles have, in fact, been removed.

Defendant also contends that Plaintiff is not entitled to statutory damages under California law. California Civil Code §

55.56 states that statutory damages are only recoverable if an accessibility violation "denied the plaintiff full and equal access to the place of public accommodation." Cal. Civ. Code § 55.56(a). A violation that causes plaintiff "difficulty, discomfort, or embarrassment" can constitute a denial of full and equal access. Cal. Civ. Code § 55.56(b). Here, Plaintiff has alleged that the accessibility violations frustrated, angered, and distressed him, and deterred him from visiting the gas station. (Complaint ¶¶ 11-12.) Defendant has not submitted any evidence to the contrary. Viewing the evidence in the light most favorable to Defendant, Plaintiff is entitled to judgment as a matter of law.

**IV. Conclusion**

For the reasons stated above, Plaintiff's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

Dated: December 13, 2011

DEAN D. PREGERSON
United States District Judge

5